# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| FRAIN SIMPLIS; and LASHONDRA SIMPLIS, | |
| Plaintiffs, | CIVIL ACTION NO.: 4:17-cv-183 |
| v. | |
| TRANSLAND FINANCIAL SERVICES; WASHINGTON MUTUAL BANK; DOES 1–20; and ALL PERSONS CLAIMING ANY INTEREST IN REAL PROPERTY LOCATED AT 864 STONEBRIDGE BLVD., SAVANNAH, GA, 31405, a.k.a Lot 907, | |
| Defendants. | |

## **O R D E R**

Plaintiffs, who are proceeding *pro se*, filed the above-captioned action in the Superior Court of Chatham County on July 20, 2017. (Doc. 1.) Defendant JPMorgan Chase Bank was apparently served with a summons and the complaint through its registered agent, and it removed the case to this Court on October 5, 2017. (Id.) Defendant JPMorgan, however, has since been dismissed from the case. (Doc. 25.) There is no indication of service of the summons and the complaint on remaining Defendants, and more than 90 days have elapsed since the filing of the Complaint.

In the May 22, 2018 Order dismissing JPMorgan, this Court noted that it had been almost a year since the Complaint was filed, and it ordered Plaintiffs to show cause, within fourteen days, why the Court should not dismiss the claims regarding Washington Mutual Bank and Transland Financial Services due to the lack of service. (Id. at p. 11 n.4.) Almost one month later, Plaintiff

LaShondra Simplis filed a "Letter of Mea Culpa," wherein she stated that "[t]he entities were included on the servicing forms for this case; however, the oversight is my fault having not served the entities at their last known address." (Doc. 26.) She additionally asks the Court to "allow the entities to receive the services at their last known address" and to "allow these entities to be included in the servicing as J.P. Morgan Chase was individually served." (Id.)

On the same day Plaintiff LaShonda Simplis filed her letter, she and her co-plaintiff, Frain Simplis, jointly filed a Notice of Appeal of the Order dismissing JPMorgan and ordering Plaintiffs to show cause regarding the lack of service.[1] (Doc. 27.) On August 27, 2018, the Court of Appeals dismissed Plaintiffs' appeal for lack of jurisdiction. (Doc. 30.) The Court of Appeals noted that "the Simplises have expressed intent to try serving at least one of the remaining defendants." (Id. at p. 2.) Since the appeal, however, Plaintiffs have failed to show proper service of any remaining Defendant.

Federal Rule of Civil Procedure Rule 4(m) mandates that the Court dismiss a complaint when a plaintiff fails to effect service within 90 days of the filing of the complaint. However, a plaintiff may request an extension of time for service of process upon the showing of good cause. Fed. R. Civ. P. 4(m). A plaintiff has the burden of demonstrating the existence of "good cause" justifying service outside of the deadline. Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993). "To demonstrate good cause, the plaintiff must offer evidence that she (1) has proceeded in good faith; (2) has a reasonable basis for noncompliance and (3) the basis for the delay was more than simple inadvertence or mistake." Durgin v. Mon, 659 F. Supp. 2d 1240, 1258 (S.D. Fla. 2009), *aff'd*, 415 F. App'x 161 (11th Cir. 2011) (per curiam) (citing Sanders, 151 F.R.D.

---

[1] The Court notes that the letter was signed only by Plaintiff LaShonda Simplis, (doc. 26), and there has been no filing by Plaintiff Frain Simplis in response to the Court's May 22, 2018 Order that *both* Plaintiffs show cause for their failure to serve the remaining Defendants, (doc. 25).

at 139; Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1130–31 (11th Cir. 2005)).

Given the vague statements and requests in Plaintiff LaShonda Simplis's letter, it appears Plaintiffs may be under the impression that someone else (such as the Court or an entity operating pursuant to some order of the Court) is responsible for handling service for Plaintiffs. (See Doc. 26.) If so, Plaintiffs are mistaken. It is Plaintiffs' obligation, not the Court's, to properly effect service upon Defendants in this action. Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.")

Given the recent remittitur of the case from the Court of Appeals, the Court will give Plaintiffs one more opportunity to address the service issues. Thus, the Court HEREBY **ORDERS** Plaintiffs to show cause, in writing, within **fourteen (14) days** from the date of this Order, why they have not timely served the remaining Defendants within 90 days as required by Federal Rule of Civil Procedure 4(m). Should Plaintiffs fail to timely respond and establish such good cause, the Court will presume that Plaintiffs do not intend to pursue this action and will dismiss this case without prejudice.

**SO ORDERED**, this 25th day of September, 2018.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA