# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FRAIN SIMPLIS; and LASHONDRA SIMPLIS,

    Plaintiff,

v.

TRANSLAND FINANCIAL SERVICES; WASHINGTON MUTUAL BANK; DOES 1–20; and ALL PERSONS CLAIMING ANY INTEREST IN REAL PROPERTY LOCATED AT 864 STONEBRIDGE BLVD., SAVANNAH, GA, 31405, a/k/a LOT 907,

    Defendants.

CIVIL ACTION NO.: 4:17-cv-183

FILED
Scott L. Poff, Clerk
United States District Court
*By jburrell at 10:05 am, Jan 15, 2019*

## O R D E R

This matter comes before the Court after Plaintiffs' failure to properly serve their Complaint and their failure to comply with or in any way respond to the Court's September 25, 2018 Order. (Doc. 33.) The Court **DISMISSES** this action **WITHOUT PREJUDICE** for Plaintiff's failure to prosecute, failure to follow this Court's Orders, and failure to timely serve the Complaint. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

### BACKGROUND

The background of this case is laid out in detail in the Court's September 25, 2018 Order. (Id.) Put succinctly, after filing this action approximately eighteen months ago, Plaintiffs only properly served one Defendant, JPMorgan Chase Bank. The Court since dismissed JPMorgan Chase Bank from this action. (Doc. 25.) In that Order of dismissal and in the Court's September 25, 2018 Order, the Court ordered Plaintiffs to show cause for their failure to timely serve the other Defendants. (Id. at p. 11 n. 4; Doc. 33, p. 3.) Though Plaintiffs made some

response to the Court's Order of dismissal, they have made no response to the September 25, 2018 Order or taken any other action in this case since that Order.

## DISCUSSION

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623,

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, the Court provided Plaintiffs with notice that their failure to show cause would result in dismissal of their Complaint. (Doc. 33, p. 3.)

2

625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Moreover, Federal Rule of Civil Procedure Rule 4(m) mandates that the Court dismiss a complaint when a plaintiff fails to effect service within 90 days of the filing of the complaint. A plaintiff may request an extension of time for service of process upon the showing of good cause. Fed. R. Civ. P. 4(m). A plaintiff has the burden of demonstrating the existence of "good cause" justifying service outside of the deadline. Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993). "To demonstrate good cause, the plaintiff must offer evidence that she (1) has proceeded in good faith; (2) has a reasonable basis for noncompliance and (3) the basis for the delay was more than simple inadvertence or mistake." Durgin v. Mon, 659 F. Supp. 2d 1240,

1258 (S.D. Fla. 2009), aff'd, 415 F. App'x 161 (11th Cir. 2011) (per curiam) (citing Sanders, 151 F.R.D at 139; Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1130–31 (11th Cir. 2005)).

This Court has twice issued Orders directing Plaintiff to show cause for their failure to timely serve the remaining Defendants. Despite the Court's specific instructions, Plaintiffs have failed to show cause, much less taken any effort to comply with their service obligations. Accordingly, the Court **DISMISSES without prejudice** Plaintiff's Complaint for failure to prosecute, failure to follow this Court's Orders, and failure to timely serve their Complaint.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES without prejudice** Plaintiff's Complaint and **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 15th day of January, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA